PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

APR 1 9 2006

RALPH L. DELOACH, CLERK
By _____ Deputy

DOCKET NUMBER *(Tran. Court)*
1:02 CR 712 (LTS)

DOCKET NUMBER *(Rec. Court)*
06-CM-60028-01-JTM

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Justin Isham<br>2208 N. Center<br>Garden City, KS 67846 | SOUTHERN DISTRICT OF NEW YORK | |
| | NAME OF SENTENCING JUDGE<br>Honorable Laura Taylor Swain | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 8/13/04   TO 8/12/07 |

(Stamp: U.S. DISTRICT COURT FILED APR 14 2006 S.D. OF N.Y.)

**OFFENSE**

Use of the Internet to Solicit a Minor to Engage in Sexual Activity, 18 USC 2422(b).

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "SOUTHERN DISTRICT OF NEW YORK"

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the **District of Kansas** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

February 16, 2006
*Date*

_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE **District of Kansas**

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

Mar 6 06
*Effective Date*

Leonard Belot
*United States District Judge*

A TRUE COPY
J. MICHAEL McMAHON, CLERK
BY _____ / DEPUTY CLERK

JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA  :  INDICTMENT

- v. -  :  02 Cr.

JUSTIN ISHAM,  :
    a/k/a "nycdad27,"
    a/k/a "nycdad26,"  **02 CRIM. 712**
    a/k/a "NYC_26,"

              Defendant.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COUNT ONE

The Grand Jury charges:

1. From at least on or about December 9, 2001, up to and including on or about January 29, 2002, in the Southern District of New York and elsewhere, JUSTIN ISHAM, a/k/a "nycdad27," a/k/a "nycdad26," a/k/a "NYC_26," the defendant, using the mail and a facility and means of interstate and foreign commerce, unlawfully, wilfully and knowingly persuaded, induced, enticed, and coerced, and attempted to persuade, induce, entice, and coerce, an individual who had not attained the age of 18 years, to engage in sexual activity for which a person could be charged with a criminal offense, to wit, JUSTIN ISHAM used the Internet to solicit a thirteen-year old girl to engage in sex.

(Title 18, United States Code, Section 2422(b).)

_____
FOREPERSON

_____
JAMES B. COMEY
United States Attorney

A TRUE COPY
J. MICHAEL McMAHON, CLERK
BY _____ DEPUTY CLERK

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v -

### JUSTIN ISHAM,

Defendant.

### INDICTMENT

02 Cr.

18 USC § 2422(b)

<u>JAMES B. COMEY</u>
United States Attorney.

**A TRUE BILL**

Foreperson.

5/29/02 — INDICTMENT FILED
G.C.
EATON, USMJ

AO (8/96) Judgment in a Criminal Case

35285/cr

# UNITED STATES DISTRICT COURT
## Southern District of New York

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| Justin Isham | Case Number: 02 Cr 712 (LTS) |
| | Mel A. Sachs, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s) one (1)

☐  pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐  was found guilty on count(s) _____
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2422(b) | Use of the Internet to Solicit a Minor to Engage in Sexual Activity | 01/29/02 | one (1) |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec.: _____

Defendant's Date of Birth: _____

Defendant's USM No.: 51273-054

Defendant's Residence Address: _____

Defendant's Mailing Address: _____

August 14, 2003
Date of Imposition of Judgment

Signature of Judicial Officer

Laura Taylor Swain, U.S.D.J.
Name and Title of Judicial Officer

August 18, 2003
Date

A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK
BY _____ DEPUTY CLERK

AO 245B     (8/96) Sheet 2—Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: Justin Isham
CASE NUMBER: 02 Cr 712 (LTS)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of 12 months and 1 day.

X     The court makes the following recommendations to the Bureau of Prisons:
It is recommended that the defendant be imprisoned in the nearest suitable facility to the Kansas home of his parents in order to facilitate the maintenance of family ties. It is further recommended that the BOP provide defendant with mental health services appropriate to his continuing need for attention to his psychosexual and personality issues.

☐     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   as notified by the United States Marshal.

X     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   X  before 2 p.m. on __October 3, 2003__ .
   ☐  as notified by the United States Marshal.
   ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT:       Justin Isham
CASE NUMBER:    02 Cr 712 (LTS)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X  The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Sheet 3 — Continued 1 — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: Justin Isham
CASE NUMBER: 02 Cr 712 (LTS)

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

The defendant will cooperate in the collection of DNA as directed by the probation officer.

If applicable, defendant will register with the state sex offender registration agency in any state in which he resides, is employed, carries on a vocation, or is a student, as directed by the probation officer. Defendant will adhere to the registration and notification procedures of the state in which he resides.

DEFENDANT: Justin Isham
CASE NUMBER: 02 Cr 712 (LTS)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant will participate in a mental health program approved by the U.S. Probation Office. He will continue to take any prescribed medications unless otherwise instructed by the health care provider. He will contribute to the costs of services rendered not covered by third-party payment, if he has the ability to pay as determined by the probation officer. The Court authorizes the release of available psychological and psychiatric evaluations and reports to the health care provider.

The defendant will provide the probation officer with access to any requested financial information.

The defendant will not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he is in compliance with the installment payment schedule.

As directed by the probation officer, defendant will notify third parties of risks that may be occasioned by his criminal record or personal history or characteristics, and will permit the probation officer to make such notifications and to confirm his compliance with such notification requirement.

The defendant must notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the criminal financial penalties remains unpaid

The defendant will not have deliberate contact with any person who is a minor (within the meaning of applicable state law), unless approved by the probation officer. Defendant will not loiter within 100 feet of schoolyards, playgrounds, arcades or other places primarily used by minors.

The defendant will submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; defendant will warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant will consent to the installation of systems that will enable the probation officer or designee to monitor and filter computer use, on a regular or random basis, on any computer owned or controlled by him. Defendant will consent and cooperate with unannounced examinations of any computer equipment owned or controlled by him, which may result in retrieval and copying of all data from the computer(s) and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection.

The defendant is to report to the nearest probation office within 72 hours of release from custody.

The defendant is to be supervised by his district of residence.

DEFENDANT: Justin Isham
CASE NUMBER: 02 Cr 712 (LTS)

Judgment — Page 6 of 7

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100 | $ 10,000 | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement .................. $ _____

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of $  $ _____.

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ The interest requirement is waived.

    ☐ The interest requirement is modified as follows:

### RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Justin Isham
CASE NUMBER: 02 Cr 712 (LTS)

Judgment — Page 7 of 7

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ In full immediately; or

B  X  $ 100 _____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____ ; or

D ☐ in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  X  in ___monthly___ (e.g., equal, weekly, monthly, quarterly) installments of $ ** _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:
** 10% of gross monthly earned income over the period of supervision.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT: Justin Isham  
CASE NUMBER: 02 Cr 712 (LTS)

Judgment — Page 1 of 1

## STATEMENT OF REASONS

X   The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐   The court adopts the factual finding and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: _____13_____

Criminal History Category: _____I_____

Imprisonment Range: _____12_____ to _____18_____ months

Supervised Release Range: _____2_____ to _____3_____ years

Fine Range: $ _3,000_ to $ _30,000_

☐   Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐   Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐   For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐   Partial restitution is ordered for the following reason(s):

X   The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐   The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

☐   The sentence departs from the guideline range:

☐   upon motion of the government, as a result of defendant's substantial assistance.

☐   for the following specific reason(s):